**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**NORTHERN DIVISION**

**UNITED STATES OF AMERICA**                                       **PLAINTIFF**

**V.**                                       **CAUSE NO. 3:22-CR-108-CWR-ASH**

**DARRIUS CHARLES MCELROY**                                       **DEFENDANT**

## ORDER DENYING MOTION FOR RECONSIDERATION

Before the Court is the United States' Motion for Reconsideration. Docket No. 45. It asks the Court to reconsider its previous order, Docket No. 43, where the Court suppressed evidence recovered from the vehicle Mr. McElroy was driving. *Id*. Its newest motion asks the Court to revisit its prior order because "Darrius McElroy was not seized, as that term is used in the Fourth-Amendment context[.]" Docket No. 45 at 1.

The Government accepts the Court's prior factual findings, thus it is unnecessary to recount those facts here. Instead, the Government raises what it categorizes as three legal arguments for the Court to reconsider. *Id*. Ultimately, each boils down to the contention that McElroy was not seized by Detective Williams because he fled rather than pulling over once the Detective attempted a car stop. *Id*. at 3.

First, the Government claims the Court inappropriately placed the burden of persuasion on the Government to show that a constitutional violation did *not* occur. It points out that the prior order presented a "legal standard that would apply had McElroy been seized without a warrant, which did not occur here [ ]." *Id*. at 3 n.4. It argues because the seizure did not occur, the burden remained on McElroy. Next, it argues that because McElroy did not yield to police authority—instead choosing to keep driving and then run away—no Fourth Amendment seizure occurred. This leads to the Government's last point: that the gun, drugs, and drug paraphernalia seized from

McElroy's vehicle are not fruit of the poisonous tree because there was no unconstitutional seizure. *Id*. at 5-6.

The present motion is the first time the Government has argued McElroy was never "seized." It had previously maintained that this was a legitimate seizure under *Terry* and its interpretative caselaw. *See* Docket No. 35 at 1-2 ("McElroy was stopped by Jackson Police Department Detectives Tarik Williams and Warren Hall . . . . the Fifth Circuit has stated that traffic stops are seizures under the Fourth Amendment.").

Motions for reconsideration in criminal cases are permitted. *See United States v. Healy*, 376 U.S. 75, 80 (1964); *see also United States v. Scott*, 524 F.2d 465, 467 (5th Cir. 1975); *United States v. Lewis*, 921 F.2d 563, 564 (5th Cir. 1991). Although parties file these motions frequently, courts rarely grant them because it is an extraordinary remedy to be used sparingly. *United States v. Koutsos*, No. 3:17-cr-77-CWR-LRA, 2018 WL 523944, at *2 (S.D. Miss. Jan. 23, 2018). They serve a narrow purpose. *Nationalist Movement v. Town of Jena*, 321 Fed. App'x 359, 364 (5th Cir. 2009). They are most justified where there has been an intervening change in law, new evidence, or exceptional circumstances. *See, e.g.*, *United States v. Dieter*, 429 U.S. 6, 6 (1976) (change in law); *United States v. Lopez*, 284 F. App'x 156, 158-59 (5th Cir. 2008) (explaining when courts can reopen a suppression hearing to consider new evidence); *United States v. Koenig*, 290 F.2d 166, 174 (5th Cir. 1961), *aff'd sub nom. Di Bella v. United States*, 369 U.S. 121 (1962) (exceptional circumstances).

"In the context of criminal proceedings, courts have applied the same legal standards as for motions for reconsideration in civil cases." *United States v. Preston*, No. 3:19-CR-651-K, 2020 WL 1819889 (N.D. Tex. Apr. 11, 2020). For civil cases, Rule 59(e) governs motions to alter or amend final judgments, while "Rule 54(b) allows parties to seek reconsideration of interlocutory

2

orders and authorizes the district court to revise at any time any order or other decision . . . that does not end the action[.]" *Austin v. Kroger Tex., L.P.*, 864 F.3d 326, 336 (5th Cir. 2017) (cleaned up). This Court's prior order did not dismiss the charges against McElroy, *see Koenig*, 290 F.2d at 174, so Rule 54(b) presumably applies.

Even so, Rule 54(b) discretion "must be exercised sparingly in order to forestall the perpetual reexamination of orders and the resulting burdens and delays." *Southern Snow Mfg. Co. v. SnoWizard Holdings, Inc.*, 921 F. Supp. 2d 548, 564-65 (E.D. La. 2013) (citation omitted). The Fifth Circuit has discouraged successive motions that present arguments in a "circuitous fashion . . . with little regard for legal requirements, efficiency, or conservation of resources." *Budri v. Admin. Rev. Bd., United States Dep't of Lab.*, 858 F. App'x 117, 125 (5th Cir. 2021).

This is not a case where an intervening change in law, new evidence, or exceptional circumstances are present. Here, the Government seeks a second chance to make an argument it failed to present in its papers, at the evidentiary hearing, or indeed in any supplemental brief filed before the ruling. The Government originally argued under the *Terry* standard that McElroy was lawfully seized and that Detective Williams was justified in stopping McElroy. At the hearing, for example, counsel for the Government stated: "As the Court knows, the traffic stop is a seizure, and a two-part inquiry applies: whether officer's actions were justified at inception or whether the officer's actions reasonably related in scope to the circumstances that justified the interference in the first place." Docket No. 44 at 63. All the arguments it now makes to claim that there was never a seizure were available to the Government beforehand.

Considering the Government's arguments today would constitute a "second bite at the apple." *United States v. Lopez*, 817 F. Supp. 2d 918, 933 (S.D. Miss. 2011) (citation omitted). In its discretion, then, the Court will not take up the arguments. *See United States v. Cooks*, 589 F.3d

173, 184 (5th Cir. 2009); *United States v. Hassan*, 83 F.3d 693, 696 (5th Cir. 1996) (affirming under an abuse of discretion standard, a district court's refusal to reopen a suppression hearing and denial of the Government's request to present additional evidence.). And, to the extent the Government might later argue that this constitutes a manifest injustice, the Court notes that, at least as of 1998, the Fifth Circuit had not identified any decision from any court holding "that a prior opinion works a manifest injustice where the party claiming injustice had all the means and incentive to provide the relevant information in the first appeal." *United States v. Becerra*, 155 F.3d 740, 755 (5th Cir. 1998), *abrogated on other grounds as recognized in United States v. Farias*, 481 F.3d 289, 292 (5th Cir. 2007). Furthermore, the Fifth Circuit has said the manifest injustice exception is discretionary and "courts rarely invoke this exception … and when they do, it is because of post-decision changes in evidentiary facts or in the applicable law[.]" *Af-Cap Inc. v. Republic of Congo*, 383 F.3d 361, 367 n.6 (5th Cir. 2004). Neither of these circumstances exist here.  The United States' *Motion for Reconsideration* is **DENIED.**

**SO ORDERED**, this the 5th day of September, 2024.

s/ Carlton W. Reeves
UNITED STATES DISTRICT JUDGE